# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DWAYNE E. McDONALD, #325-835     *

        Plaintiff     *

   v.     *     Civil Action No. GLR-12-3533

KEITH ARNOLD, et al.     *

        Defendants     *

        ***

## **MEMORANDUM**

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 14. Although he was advised of his right to file a response in opposition to Defendants' Motion and of the consequences of failing to do so, Plaintiff has not filed anything further in this case. ECF No. 15. For the reasons that follow, Defendants' Motion shall be granted.

## **Background**

Plaintiff Dwayne E. McDonald is an inmate confined to North Branch Correctional Institution ("NBCI"). He alleges that on October 22, 2012, Defendant Marchenkie demanded that Plaintiff submit to being handcuffed behind his back in order to leave his cell for recreation, despite Plaintiff's medical order requiring front-cuffing due to past shoulder injury with lingering chronic joint pain. ECF No. 1 at 2. Plaintiff also claims that Defendant Conrad similarly demanded Plaintiff to be restrained behind his back or forego recreation on October 23, 2012. Id. He further alleges that Defendant Whetstone removed the medical order for front cuffing from Plaintiff's cell door and threw it in the trash on October 24, 2012. Id. He asserts he is not allowed to leave his cell without allowing officers to inflict unnecessary pain on him in contravention to the existing medical order. Id. at 3.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Defendants assert the affirmative defense that Plaintiff failed to exhaust administrative remedies with respect to the claims asserted. ECF No. 14 at Ex. 5. The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007).

Plaintiff has failed to respond to Defendants' assertion that he failed to exhaust administrative remedies. Plaintiff's claims must therefore be dismissed, because he has failed to present evidence that he has satisfied the administrative exhaustion requirement under the PLRA

or that Defendants have forfeited their right to raise non-exhaustion as a defense.  See Chase v. Peay, 286 F. Supp. 2d 523, 528 (D. Md. 2003).  A separate Order granting Defendants' Motion for Summary Judgment and entering judgment in their favor follows.

July 17, 2013

/s/
George L. Russell, III
United States District Judge